WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Machowicz, | No. CV-21-00316-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County, *et al.*, | |
| Defendants. | |

At issue is Defendants Jeri Williams and City of Phoenix Police Department's Motion to Dismiss (Doc. 12, Mot.), to which Plaintiff Thomas Machowicz filed a Response (Doc. 13, Resp.), and Defendants filed a Reply (Doc. 15, Reply). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

**I.   BACKGROUND**

On February 1, 2021, Plaintiff filed his original Complaint in Maricopa County Superior Court, naming as Defendants Maricopa County, City of Phoenix Police Department, and Jeri Williams, individually and in her official capacity as Chief of Police for the City of Phoenix. (Doc. 1, Notice of Removal, Ex. 1 at 8.) On February 12, 2021, Plaintiff filed a Notice of Dismissal of Defendant Maricopa County in Maricopa County Superior Court. (Notice of Removal, Ex. 1 at 24.) On February 22, 2021, Defendants Williams and the Phoenix Police Department removed this matter to federal court. (Notice of Removal.)

Plaintiff filed his Amended Complaint on March 17, 2021.[1] (Doc. 11, Am. Compl.) In his Amended Complaint, Plaintiff alleges as follows. Plaintiff is a freelance photojournalist working in and around Phoenix, Arizona, who in his capacity as a photojournalist documented a demonstration against alleged police brutality at or around Phoenix Police Headquarters at 620 W. Washington Street, Phoenix, Arizona on May 30, 2020. (Am. Compl. ¶¶ 26, 29–30.) While he was photographing the event, Phoenix Police Department officers deployed gas to disperse demonstrators. (Am. Compl. ¶ 31.) Video footage of the incident shows Plaintiff running away from gas deployed by the officers, when an unnamed Phoenix Police Department officer aimed and fired a rubber bullet at him, striking him in the lower back. (Am. Compl. ¶¶ 32, 34–35.) The video shows him attempting to protect his body while attempting to leave the area. (Am. Compl. ¶ 36.)

Plaintiff further alleges a second shot struck him in the ribs, knocking him to the ground, and that video shows him shielding himself with his arms from continued fire. (Am. Compl. ¶ 37.) A third bullet struck him in the back of the head, causing him to lie motionless on the ground, and no officer attempted to aid him. (Am. Compl. ¶¶ 38–40.) The person filming the video ran to assist him and urged him to move to a safer area. (Am. Compl. ¶¶ 41–42.) The video shows Plaintiff with blood flowing from his neck as he lies on the ground. (Am. Compl. ¶ 43.)

Plaintiff also states that reporting indicates that the Phoenix Police Department subjected protesters, onlookers, and citizens to tear gas and rubber bullets on other occasions. (Am. Comp. ¶ 45.) He claims that Williams, as a policy maker for the Phoenix Police Department, "would have authorized the practice and policy of using non-lethal measures, such as gas and rubber bullets, to disperse demonstrators." (Am. Compl. ¶ 47.)

Plaintiff names four causes of action. First, he brings a claim under 42 U.S.C. § 1983 for violation of freedom of the press. Second, he brings a claim under § 1983 for excessive

---

[1] The Amended Complaint lists the same Defendants as the original Complaint, including Maricopa County, even though Plaintiff agreed to dismiss Maricopa County in state court. Like the original Complaint, the Amended Complaint also indicates that each of the four counts is brought against Maricopa County, along with the Phoenix Police Department and Williams.

force. Third, he brings a claim against Defendants for negligence. Although Plaintiff labels this claim "Count 4," it is the third count listed, and this Court will refer to the claim as "Count 4 [*sic*]." Finally, Plaintiff brings a claim for negligent hiring, supervision, and retention.

On March 31, 2021, Defendants Phoenix Police Department and Williams filed a Motion to Dismiss, seeking the dismissal of all claims against the Phoenix Police Department and the dismissal of Counts 4 [*sic*] and 4 against Williams. (Mot. at 1.)

## II.     LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Phoenix Police Department as Defendant

Defendants argue that the Phoenix Police Department is not a jural entity and all claims against it must be dismissed. (Mot. at 3.) The Court agrees.

For all parties, other than an individual not acting in a representative capacity and a corporation, capacity to sue or be sued is determined "by the law of the state where the court is located," with limited exceptions that do not apply here. Fed. R. Civ. P. 17(b)(3). In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (dismissing claims against the Maricopa County Sheriff's Office because it is not a jural entity as no Arizona statute confers on it the ability to sue or be sued). This Court has acknowledged the consensus that Arizona's municipal law enforcement agencies, including the Phoenix Police Department, are not jural entities. *E.g.*, *Fiori v. Peoria Police Dep't*, 2020 WL 95436, at *2 (D. Ariz. Jan. 8, 2020) (dismissing the Peoria Police Department from the lawsuit as it is a non-jural entity); *Morton v. Phoenix Police Dep't*, 2015 WL 1737667, at *4 (D. Ariz. Apr. 16, 2015) (holding that the Phoenix Police Department is not a proper defendant in a claim under § 1983); *Watson-Nance v. City of Phoenix*, 2009 WL 792497, at *9 (D. Ariz. Mar. 24, 2009) (concluding that the Phoenix Police Department is an unauthorized defendant and dismissing it from the lawsuit); *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (finding that the Phoenix Police Department is a subpart of the City of Phoenix and not a separate jural entity); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) (noting that a municipality such as a city can be sued under § 1983).

Plaintiff argues that the Phoenix Police Department is a jural entity under the three-part test established in *McClanahan v. Cochise College*, 540 P.2d 744, 747 (Ariz. 1975). However, this Court has rejected this argument in the past, as "the *McClanahan* 'test' is not a test, but rather a set of 'attributes which are generally regarded as distinctive of a political subdivision' and state courts have not consistently found that entities meeting the

*McClanahan* criteria are political subdivisions." *Watson-Nance*, 2009 WL 792497 at *9 (citing *McClanahan*, 540 P.2d at 747); *see also Skinner v. Pinal Cnty.*, 2009 WL 1407363, at *2 (D. Ariz. May 20, 2009) ("[T]he *McClanahan* court never considered the issue and thus is inapposite to the case at bar."). Therefore, the Court concludes that the Phoenix Police Department is a non-jural entity and will dismiss the claims against it.

### B.     Jeri Williams as Defendant

Defendants next argue that Williams was not served with a proper Notice of Claim, and as a result the Court should dismiss Plaintiff's state law claims, Count 4 [*sic*] and Count 4, against her. (Mot. at 5.)

Section 12-821.01(A) of the Arizona Revised Statutes requires that, before filing a civil complaint, persons with a claim against an Arizona public employee must first serve a notice of claim "with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona rules of civil procedure" within 180 days after the cause of action accrues. The Arizona Rules of Civil Procedure state that an individual may be served (1) personally, (2) at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) by "delivering a copy . . . to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d).

Plaintiff states in his Amended Complaint that he filed and served a Notice of Claim pursuant to "A.R.S. § 12-820.01 [*sic*]." (Am. Compl. ¶ 20.) Responding to the Motion to Dismiss, Plaintiff claims that the process server's certificate indicates that the Notice of Claim was served on the City of Phoenix Police Department and Police Chief Jerri Williams via Mr. Matt Martin, Special Deputy City Clerk, and that the certificate of service indicates that Mr. Martin was authorized to accept service on behalf of Williams. (Resp. at 6.) Plaintiff seemingly relies on an "apparent authority" argument, arguing that apparent authority exists if "the principal has intentionally or inadvertently induced third persons to believe that such person was its agent." *Curran v. Indus. Comm'n of Ariz.*, 752 P.2d 523, 526 (Ariz. Ct. App. 1988) (quoting *Canyon State Canners v. Hooks*, 243 P.2d 1023, 1025 (Ariz. 1952)). However, here Plaintiff does not allege that the principal, Williams, induced Plaintiff to

believe that Mr. Martin was her agent. Rather, Mr. Martin purportedly held himself out as Williams's agent. Therefore, apparent authority could not be found in this case.

Courts construe the requirements of § 12-821.01(A) strictly, including the requirement that the Notice of Claim must be filed with a person or persons authorized to accept service for the public employee according to the Arizona Rules of Civil Procedure. *See e.g.*, *Udd v. City of Phoenix*, 2018 WL 6727267, at *5–6 (D. Ariz. Dec. 21, 2018) (finding that the plaintiff's efforts to serve the Notice of Claim against the assistant chief of police were inadequate where the plaintiffs did not allege that the city clerk who accepted service was "authorized by appointment or law" to receive service on behalf of the assistant chief); *Drake v. City of Eloy*, 2014 WL 3421038, at *1–2 (D. Ariz. July 14, 2014) (finding that filing the Notice of Claim with the chief of police, who represented he was authorized to accept service for the defendant, was insufficient to serve the individual defendant police officer absent evidence that the defendant gave the chief of police authority to accept service on his behalf); *Strickler v. Arpaio*, 2012 WL 3596514, at *2 (D. Ariz. Aug. 21, 2012) (finding that filing the Notice of Claim against the defendant sheriff's deputy through the county sheriff's office's administrative office was insufficient when the plaintiff did not allege facts making it plausible that the office was the defendant's agent). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements." *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006).

Plaintiff does not contend or demonstrate that Williams was served personally or at her dwelling or usual place of abode with someone of a suitable age. And he does not demonstrate that the City Clerk's office was authorized by law or appointment to accept service or that Williams induced Plaintiff to believe she could be served in that manner. Thus, Plaintiff fails to meet his burden showing he served a Notice of Claim on Williams under A.R.S. § 12-821.01, which bars the state law claims against her. Therefore, the Court must dismiss Count 4 [*sic*] and Count 4 against Williams.

Because Count 4 [*sic*] and Count 4 against Williams must be dismissed due to Plaintiff's failure to serve the Notice of Claim, the Court need not reach Defendants' other

arguments that the Notice of Claim does not state the basis of the claim against Williams, or that Plaintiff failed to adequately state his state law claims against Williams in his Amended Complaint.

### C.     Leave to Amend

In his Response, Plaintiff requests leave to amend his complaint. (Resp. at 8.) If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff states that while he previously stipulated to the dismissal of Maricopa County, "if [the] Court were to find the Phoenix Police Department is not a jural entity . . . the appropriate defendant would be Maricopa County," and he requests leave to amend the complaint to reassert his claim against Maricopa County. (Resp. at 9.)

There are two issues with this request. First, although Plaintiff already stipulated to the dismissal of Maricopa County in state court (Notice of Removal, Ex. 1 at 24), his Amended Complaint still lists Maricopa County in the caption and indicates that each of the four counts is brought against Maricopa County, along with the other named Defendants. Second, and more importantly, the Phoenix Police Department is not a subpart of Maricopa County, but rather a subdivision of the City of Phoenix. Naming Maricopa County as a defendant in place of the Phoenix Police Department would therefore be futile. For these reasons, the Court will not grant the leave to amend requested by the Plaintiff.

Plaintiff also requests leave to amend if the Court should decide that the Complaint is defective for purposes of subject matter jurisdiction or for failure to state a claim. The Court did not resolve Defendants' Motion to Dismiss on either of these bases, and the Court will therefore not grant leave to amend for this reason either.

### D.     Maricopa County as Defendant

As the Court alluded to above, Plaintiff voluntarily dismissed Maricopa County as a defendant on February 12, 2021. (Notice of Removal, Ex. 1 at 24.) Inexplicably, when Plaintiff filed an Amended Complaint on March 17, 2021, Plaintiff still listed Maricopa County as a defendant on all four of his claims. (Doc. 11.) The only bases Plaintiff states for

claims against Maricopa County in the Amended Complaint are that "Defendant Maricopa County is a political subdivision of the State of Arizona that has established offices including the Phoenix Police Department" and that "Defendant, Jeri Williams, . . . is the Chief of Police of the City of Phoenix, who at material times hereto worked for and on behalf of Maricopa County and the Phoenix Police Department." (Am. Compl. ¶¶ 9, 11.) Plaintiff then goes on to raise factual allegations pertaining to the Phoenix Police Department and Williams.

The Phoenix Police Department is not a subdivision of Maricopa County, but rather of the City of Phoenix. A.R.S. § 9-240(B)(12); Phoenix City Code § 2-119; *Gotbaum*, 617 F. Supp. 2d at 886 (stating "the Phoenix Police Department is a subpart of the City of Phoenix"). Because Plaintiff has not alleged any facts supporting a claim against Maricopa County—and especially in light of the fact that Plaintiff dismissed his claims against Maricopa County but subsequently still listed it as a defendant in the Amended Complaint—the Court *sua sponte* dismisses Plaintiff's claims against Maricopa County. *See Silverton v. Dep't of Treasury of U.S.*, 644 F.2d 1341, 1345 (9th Cir. 1981).

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss (Doc. 12) and dismissing Plaintiff's claims against Defendant Phoenix Police Department in their entirety and Counts 4 [*sic*] and 4 against Defendant Jeri Williams.

**IT IS FURTHER ORDERED** dismissing Plaintiff's claims against Maricopa County in their entirety.

**IT IS FURTHER ORDERED** that Counts 1 and 2 against Defendant Jeri Williams remain pending in this matter, and the Court will set a case management conference by separate Order.

Dated this 22nd day of September, 2021.

Honorable John J. Tuchi
United States District Judge